UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 09-CV-0308-CVE-TLW |
| ANDREW A. MATHIS, DAVID COX, STACEY KIOUS, on behalf of K. Kious and J. Cox Kious, minor children and next of kin of Dennis Cox, deceased, MIKE MILLER, RUBI LOPEZ, personally and on behalf of the estate of Carlos Lopez, AMPARO LOPEZ, CARLOS A. LOPEZ, RAJNEEL NAICKER, RANDY MCBROOM, and ROGER JOHNSON, ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion to Dismiss Defendant Roger Johnson's Cross-Complaint Against Andrew Mathis and Brief in Support (Dkt. # 51). Plaintiff filed the instant motion on November 6, 2009. To date, Johnson has failed to respond to the motion.

Plaintiff filed a declaratory judgment action in this Court, seeking a determination that it owed no duty to defend or indemnify defendant Mathis against claims asserted by the other defendants arising out of a motor vehicle accident. Dkt. # 2. The complaint alleged that Johnson claims he was struck by Mathis's vehicle and suffered personal injuries. Id. at 4. Johnson filed an answer to plaintiff's complaint (Dkt. # 20) on June 25, 2009. In that document, Johnson did not assert any claims for relief. See Dkt. # 20. The Joint Status Report (Dkt. # 36), filed August 28, 2009, did not list any claims for relief by Johnson. Johnson filed a document titled "Defendant

Roger Johnson's Cross-Complaint Against Andrew Mathis" (Dkt. # 50) on October 23, 2009. In that document, Johnson purported to assert a personal injury claim against Mathis. See Dkt. # 50.

Fed. R. Civ. P. 13(g) states that "[a] pleading may state as a crossclaim any claim by one party against a coparty . . ." (emphasis added). Rule 12 sets the time for response to a crossclaim as "within 20 days after being served with the pleading that states the . . . crossclaim." (emphasis added). Rule 7(a) lists the pleadings allowed in federal court. These include: a complaint; an answer to a complaint; and an answer to a crossclaim. Fed. R. Civ. P. 7(a). Rule 7 does not list a crossclaim or a "cross-complaint" as a permissible pleading. Id.

It is clear from these rules that a crossclaim must be stated in a pleading, and that a stand-alone crossclaim is not itself a pleading. Therefore, in general, a crossclaim must be asserted in an answer. See Langer v. Monarch Life Ins. Co., 966 F.2d 786, 810 (3d Cir. 1992) ("Federal Rules of Civil Procedure 12(b) and 13(g) require that cross-claims be stated in a pleading, and under Rule 7(a) cross-claims should be contained in a defendant's answer"), In re Cessna Distributorship Antitrust Litigation, 532 F.2d 64, 68 (8th Cir. 1976) (stating that a crossclaim must be asserted in a pleading but is not itself a pleading), U.S. v. Finn, 239 F.2d 679, 684 n.28 (9th Cir. 1956) ("[t]he only way to file a cross-claim in a Federal court is to file an answer containing a cross-claim"), Allied Medical Care Assocs. v. State Farm Mut. Auto. Ins. Co., No. 08-2434, 2009 WL 839063, at *2 (E.D. Pa. Mar. 26, 2009) ("[b]ecause a counterclaim is not itself a pleading, to state a counterclaim consistently with Rule 7(a) and Rule 13, a party must file the counterclaim as part of a recognized pleading") (emphasis in original), Cornell v. Chase Brass & Copper Co., 48 F. Supp. 979, 980 (S.D.N.Y. 1943) ("only an answer may contain a counterclaim"); cf. Bernstein v. IDT

Corp, 582 F. Supp. 1079 (D.Del. 1984) (dismissing or striking counterclaims because they were not raised in a Rule 7 pleading).

Johnson's purported crossclaim was not filed in a Rule 7 pleading, and was, therefore, improperly filed.  The Court will not construe Johnson's filing as an amendment to his answer, because: Johnson has made no such request; it was not styled as such; it was filed after the deadline for amending the pleadings in the Court's scheduling order; and Johnson did not request leave to amend his answer.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss Defendant Roger Johnson's Cross-Complaint Against Andrew Mathis and Brief in Support (Dkt. # 51) is **granted**: the document titled Defendant Roger Johnson's Cross-Complaint Against Andrew Mathis (Dkt. # 50) is **stricken** and the crossclaim asserted therein is **dismissed**.

**DATED** this 16th day of December, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT